UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>vs.<br><br>DANA JOHN ALEXANDER,<br>    Defendant. | )<br>)<br>)<br>)   Case No. W-06-CR-00062-LY(1)<br>)<br>)<br>) |

### APPLICATION FOR TURNOVER ORDER

Now comes Plaintiff, UNITED STATES OF AMERICA, and applies for a turnover order as follows:

**Background**

1. On April 11, 2007, the Court sentenced Defendant DANA JOHN ALEXANDER to 151 months of imprisonment and to pay a special assessment of $100.00 and a $1,000 fine payable immediately after he pled guilty to one count of possession with intent to distribute cocaine a schedule II narcotic drug controlled substance in violation of 21 U.S.C. § 841 and 841(b)(1)(C) (Doc. No. 61). On that date, a federal tax type lien arose and was automatically and statutorily imposed on all of Defendant's property for collection of the outstanding fine. *See* 18 U.S.C. § 3613(c).

2. According to the records of the United States District Clerk, $525.96 has been credited to this judgment debt, leaving a principal balance of $574.04 as of March 7, 2017. This judgment bears no interest.

3. The defendant remains in a Federal United States Penitentiary in Bastrop, Texas. He is scheduled to be released in 2018.

4.     The United States Attorney's Office for this district was informed that the Defendant has about $30,000.00 in his inmate trust account maintained by the Bureau of Prisons ("BOP").[1]

## Argument and Authorities

The United States moves this Court for an order directing BOP to turn over $574.04 of these funds to the Clerk of Court as payment towards Defendant's criminal debt.[2]

Collection by the United States is governed by the Federal Debt Collection Procedures Act ("FDCPA"). 28 U.S.C. § 3001, *et seq*. Although this statute contains several express remedies, it also provides that these remedies are not exclusive. Section 3003(b)(2) provides that the FDCPA "shall not be construed to curtail or limit the right of the United States under any Federal law or any State law … to collect any fine, penalty, assessment, restitution, or forfeiture arising in a criminal case."

The Texas turnover statute is the necessary remedy here. The Fifth Circuit has previously approved the use of the turnover statute to enable the United States to collect a criminal debt. *United States v. Diehl*, ___ F.3d ___, 2017 WL 573574 (5th Cir. Feb. 13, 2017). To obtain a turnover order, the Government must provide evidence of the following: (1) the defendant owns the property; (2) the property is not exempt from attachment, execution, or seizure; and (3) the

---

[1] The purpose of inmate trust account or commissary account is to allow the BOP to maintain inmates' monies while they are incarcerated, including monies received by the inmate from prison employment and outside sources. 28 C.F.R. §§ 506.1, 545.11. Family, friends, or other sources must deposit funds for the benefit of the inmate into these accounts. *Id.* Deposits intended for the inmate's account must be mailed directly to the BOP's centralized commissary account. 28 C.F.R. § 540.23.

[2] The United States is informed that defendants are generally limited to $320 per month in expenditures from commissary accounts.

property cannot readily be attached or levied on by ordinary legal process. Tex. Civ. Prac. & Rem. Code § 31.002(a); *e.g., Tanner v. McCarthy*, 274 S.W.3d 311, 322 (Tex. App.—Houston [1st Dist.] 2008, no pet.).

Here, all three factors exist. Given that the monies were placed into the Defendant's commissary account, *prima facie* evidence of ownership exists. *See Garrigo v. United States*, 296 F.Supp. 1110, 1115 (N.D. Tex. 1968) ("once money is received and subjected to the unrestricted disposal of the recipient, such money becomes personal property irrespective of the source from which it was received").

Second, the funds are not exempt. 18 U.S.C. § 3613 provides for a very limited universe of exemptions, which does not include commissary funds. Moreover, it is clear that the Government's lien attaches to the funds.³ *See also* 18 U.S.C. §§ 3613(a)(government enforces judgment imposing a fine against all property and rights to property of the defendant).

Finally, the property cannot be attached by ordinary process. The currency is held by the Bureau of Prisons, which is a separate agency of the Government. Under the Federal Debt Collection Procedures Act, the Government is provided with several specific enforcement mechanisms, including judgment liens (28 U.S.C. § 3201), the ability to seek a writ of execution (28 U.S.C. § 3203), the ability to seek imposition of an installment payment order (28 U.S.C. § 3204), and garnishment (28 U.S.C. § 3205). The installment payment remedy is clearly

---

³ The broad definition of "property" under the FDCPA supports this position.

> "Property" includes any present or future interest, whether legal or equitable, in real, personal (including choses in action), or mixed property, tangible or intangible, vested or contingent, wherever located and however held (including community property and property held in trust (including spendthrift and pension trusts)),… *See* 28 U.S.C. § 3002(12).

inapplicable. Likewise, garnishment and execution are inapplicable here insofar as the Government is already in possession of the cash and is therefore not a third party.

The case of *United States v. Woodworth*, 39 Fed. Appx. 376 (7th Cir. 2002) is instructive in this regard. In *Woodworth*, the government sought to collect unpaid restitution by requesting the sale of a coin collection that belonged to the defendant which had come into the possession of the FBI. In dismissing the defendant's claim that the government had acted outside the statute of limitations that applied to forfeiture, the Seventh Circuit noted that "[s]pecifically, the government sought to collect under Fed. R. Civ. P. 69, which provides that process to enforce a judgment for This lien attaches to all of Defendant's property – real and personal – to include funds held by the BOP in his inmate trust account.

Finally, 18 U.S.C. §3664(n) states in relevant part:

> If a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed.

Accordingly, not only does federal law permit the Government to execute on its lien, it also mandates that Defendant apply these funds to his fine debt.

**WHEREFORE**, the United States respectfully requests that the Court enter an order directing BOP to turn over $574.04 from Defendant's inmate trust account to the United States District Clerk and that the United States District Clerk be directed to apply the monies to Defendant's criminal debt.

Respectfully submitted,

RICHARD L. DURBIN, JR.
UNITED STATES ATTORNEY

|  |  |
|---|---|
| By: | /s/ *Steven E. Seward* |
|  | **STEVEN E. SEWARD** |
|  | Assistant United States Attorney |
|  | Florida Bar No. 29546 |
|  | 601 N.W. Loop 410, Suite 600 |
|  | San Antonio, Texas  78216 |
|  | Telephone: (210) 384-7259 |
|  | Facsimile:  (210) 384-7247 |
|  | E-mail: Steven.Seward@usdoj.gov |

**KRISTY K. CALLAHAN**
Assistant United States Attorney
Mississippi Bar No. 101255
601 N.W. Loop 410, Suite 600
San Antonio, Texas  78216
Telephone: (210) 384-7255
Facsimile:  (210) 384-7247
E-mail: Kristy.Callahan@usdoj.gov

**ATTORNEYS FOR UNITED STATES**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Application for Turnover Order** was electronically filed via the Court's CM/ECF system on **March 8, 2017** and served via United States Postal Service on the following non-CM/ECF participant:

Dana John Alexander, REG. No. 56715-180
FCI Bastrop
Federal Correctional Institution
P.O. Box 1010
Bastrop, Texas 78602
*Defendant*

/s/ *Steven E. Seward*
**STEVEN E. SEWARD**
Assistant United States Attorney

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>    Plaintiff,                             )<br>                                            )<br>vs.                                        )   Case No. W-06-CR-00062-LY(1)<br>                                            )<br>DANA JOHN ALEXANDER,      )<br>    Defendant.                          ) | |

## TURNOVER ORDER

Came on to be considered the application of the United States of America for a Turnover Order in this case. The Court makes the following findings and concludes that the application should be GRANTED.

On April 11, 2007, the Court sentenced Defendant DANA JOHN ALEXANDER to 151 months of imprisonment and to pay a special assessment of $100.00 and a $1,000 fine payable immediately after he pled guilty to one count of possession with intent to distribute cocaine a schedule II narcotic drug controlled substance in violation of 21 U.S.C. § 841 and 841(b)(1)(C) (Doc. No. 61). The sentence of a fine created a lien enforceable by the United States in the same manner as a federal tax lien. *See* 18 U.S.C. § 3613(c); 18 U.S.C. §3572(d). Additionally, 18 U.S.C. §3664(n) obligates the Defendant to apply these funds to his fine debt. According to the records of the United States District Clerk for the Western District of Texas, $574.04 remains outstanding on Defendant's debt, bearing no interest.

**IT IS THEREFORE ORDERED** that the Bureau of Prisons turn over *$574.04* currently held in Defendant's inmate trust account maintained by the Bureau of Prisons to the United States District Clerk to pay off remaining balance owed.

The check shall be made payable to "United States District Clerk" and shall reference **"U.S. v. DANA JOHN ALEXANDER, Case No. W-06-CR-062-LY(01)"** on the memo line. The check shall be mailed to:

> United States District Clerk's Office
> 800 Franklin Ave., Room 380
> Waco, Texas 76701

**IT IS FURTHER ORDERED** that the United States District Clerk shall apply the amount received as payment towards Defendant's criminal debt.

Dated: _____   _____
                                                                LEE YEAKEL
                                                                UNITED STATES DISTRICT JUDGE